IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| STEVEN G. MILLETT and MELODY J. MILLETT, ) ) ) ) | |
| Plaintiffs, ) ) | |
| ) | CIVIL ACTION |
| v. ) ) | No. 04-2450-CM |
| ) | |
| FORD MOTOR CREDIT COMPANY, ) ) | |
| Defendant. ) ) | |

## MEMORANDUM AND ORDER

Plaintiffs bring the instant action, alleging that defendant furnished or utilized false and misleading information arising from plaintiffs' alleged identity fraud. Plaintiffs assert the following causes of action: Count I – violation of the Fair Credit Reporting Act ("FCRA"); Count II – state law defamation; Count III – state law negligence; Count IV – violations of the Fair Debt Collection Practices Act ("FDCPA"); and Count V – injunctive relief. This matter is before the court on defendant's Motion to Dismiss (Doc. 21). Defendant moves the court to dismiss Counts II, III, IV, and V.

**I.     Standards**

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is

dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, *Maher*, 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of the plaintiff, *Witt v. Roadway Express*, 136 F.3d 1424, 1428 (10th Cir. 1998). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).1.2.

## II.     Background Facts

This case arises from an identity theft incident. Specifically, plaintiffs allege that sometime in 1989, an individual began to use plaintiff Steven Millett's social security number in order to obtain false identification, obtain employment, obtain insurance, pay taxes through wage withholding, and to establish and open credit accounts for homes, cars and credit and/or charge cards with banks, credit unions, merchants and credit card companies. Plaintiffs allege that defendant's actions enabled and assisted the fraudulent use and conversion of plaintiff Steven Millett's social security number.

Plaintiffs discovered the alleged identity theft in January 2003. Plaintiffs assert that they immediately reported the identity theft, contacting their creditors and defendant, as well as law enforcement officials and the known creditors of the individual illegally utilizing identity information. Plaintiffs allege that defendant continued to allow the individual who was criminally and fraudulently

using plaintiff Steven Millett's social security number to use the number and continued to identify that individual's account or accounts with plaintiff Steven Millett's social security number. Plaintiffs further allege that defendant continues to falsely report the true status of plaintiffs' credit histories, credit information and personal information and has refused to include a statement in the credit file of others utilizing plaintiff Steven Millett's social security number, which would indicate the identity theft or the true and accurate assignment of plaintiff Steven Millett's social security number.

### III. Discussion

#### A. State Law Defamation and Negligence Claims

In Count I, plaintiffs allege that defendant violated the FCRA, 15 U.S.C. § 1681s-2. The plaintiffs then use the same facts to bring two additional causes of action against defendant under state law – defamation in Count II and negligence in Count III. Defendant argues that these state law claims must be dismissed as they are preempted by the FCRA.

The FCRA was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information[.]" 15 U.S.C. § 1681(b). The FCRA places distinct obligations on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies. *Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496, 500 (W.D. Tenn. 1999).

In this case, plaintiffs allege that defendant is a furnisher of credit information. (First Amended Complaint, ¶ 57). As such, defendant's obligations are set forth in 15 U.S.C. § 1681s-2, which can essentially be broken down into two components. The first component consists of subsections (a), (c), and (d). The second component consists only of subsection (b).

Subsection (a) of § 1681s-2 generally imposes on furnishers of credit information a duty to provide consumer reporting agencies with accurate information. Subsections (c) and (d) limit the remedies available for violations of subsection (a). Specifically, subsection (c) eliminates remedies to consumers for violations of subsection (a), and subsection (d) provides that the duties imposed under subsection (a) can be enforced only by government agencies and officials. Therefore, because of subsections (c) and (d), plaintiffs have no private cause of action for defendant's arguable violations of subsection (a). *See, e.g., Hasvold v. First USA Bank*, 194 F. Supp. 2d 1228, 1235 (D. Wyo. 2002) (citing case law to support the conclusion that there is no private right of action for violations of subsection (a)).

The second component of § 1681s-2, found in subsection (b), does create a private cause of action by a consumer against a furnisher of credit information. *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002). It requires a furnisher of credit information to conduct an investigation "[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute" regarding the accuracy of information provided to a consumer reporting agency. § 1681s-2(b)(1). Section 1681i(a)(2) requires a consumer reporting agency to provide a furnisher of credit information with prompt notice of a dispute from any consumer.

As earlier indicated, defendant argues that the plaintiffs' defamation and negligence claims are preempted by the FCRA.  The statute contains two preemption provisions: (1) § 1681t(b)(1)(F), which provides furnishers of credit information with absolute immunity; and (2) § 1681h(e), which provides furnishers of credit information with qualified immunity.

Section 1681t(b)(1)(F), the absolute immunity provision, provides:  "No requirement of prohibition may be imposed under the laws of any State--. . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ."  In the well-reasoned opinion issued by Magistrate Judge O'Hara in *Aklagi v. Nationscredit Financial Services*, the court considered the preemptive force of section 1681t(b)(1)(F).  196 F. Supp. 2d 1186 (D. Kan. 2002).  The court concluded that "to the extent that [defendant's] conduct falls within the 'subject matter regulated under . . . section 1681s-2,' [plaintiff's] state law . . . claims against [defendant] are preempted." *Id.* at 1194-195.  The court then broke defendant's conduct down into "two discrete time periods: (1) the time period between when [defendant] made the loan and when it first received notice of [plaintiff's] dispute; and (2) the time period after [defendant] received notice of [plaintiff's] dispute." *Id.* at 1194.

Section 1681s-2(a)(1)(B) prohibits a furnisher from providing inaccurate information to a consumer reporting agency after notification of the inaccuracy.  Thus, as set forth in *Aklagi*, only defendant's furnishing of inaccurate information *after* notification of a dispute was within the "subject matter regulated under . . . section 1681s-2" and, as such, "any claim predicated on

-5-

[defendant] furnishing inaccurate information to a consumer reporting agency after receiving notice of [plaintiff's] dispute is completely preempted by § 1681t(b)(1)(F)." *Id.* at 1195.

Applying the rationale set forth in *Aklagi* to the case at hand, the court holds that defendant is entitled to absolute immunity from plaintiffs' state law claims for any violations that occurred after defendant received notice of the inaccurate information. Plaintiff's defamation and negligence claims are therefore preempted to the extent those claims rely on conduct occurring after defendant was notified of the discrepancy.

The court now turns to whether plaintiffs can state claims for defamation and negligence based upon defendant's alleged conduct occurring ***before*** notification of the inaccurate information. In *Aklagi*, the court concluded that "any state law defamation claim that is predicated on [defendant] furnishing inaccurate information to a consumer reporting agency before receiving notice of the [plaintiffs'] dispute is not regulated under § 1681s-2. Therefore, it is not automatically preempted by § 1681t(b)(1)(F)." *Id.* (citing *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 930-31 (N.D. Ill. 2000) (holding that state law claims based on actions "not regulated by the FCRA" were not preempted by § 1681t(b)(1)(F), but instead, should be analyzed for preemption under § 1681h(e))).

Section 1681h(e), the other preemption provision, provides furnishers of credit information with a qualified immunity against state law claims:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnished information to a consumer reporting agency . . . ***except as to false information furnished with malice or willful intent to injure each consumer***.

-6-

§ 1681h(e) (emphasis added). Thus, the plaintiffs' state law claims against defendant are preempted by § 1681h(e) unless plaintiffs have properly pled that defendant acted "with malice or willful intent to injure" the plaintiffs when defendant furnished inaccurate information to credit reporting agencies before it discovered the inaccurate information. The court therefore looks to the allegations contained in plaintiffs' First Amended Complaint.

Plaintiffs allege in Count I (FCRA claim): "Defendant . . . continued to *compile, utilize and furnish information* to third parties that contains such false, *inaccurate and misleading information*, in violation of the provisions of 15 U.S.C. § 1681s-2." (Amended Complaint, ¶ 68) (emphasis added). In their defamation claim, plaintiffs allege: "Defendant repeatedly *compiled, furnished and provided* to those individuals and entities who rely upon Defendant's statements, reports, and histories, as well as to third parties, *false information concerning Plaintiffs* and the identity of Plaintiff Steven Millett and others." (Amended Complaint, ¶ 78) (emphasis added). And, finally, in their negligence claim, plaintiffs state: "Defendant's conduct, in *compiling, analyzing, reporting, furnishing and publishing such false, inaccurate and misleading information*, was negligent and without just cause or excuse . . . ." (Amended Complaint, ¶ 91) (emphasis added). Indeed, plaintiffs are relying on the same alleged actions of defendant to make both their FCRA and state law claims.

The court also considers the requirement that, to avoid preemption under § 1681h(e), plaintiffs must allege that defendant acted with malice or willful intent to injure plaintiffs. The only allegation in this regard states "Defendant acted with malice or willful intent to injure Plaintiffs."

-7-

(First Amended Complaint, ¶ 53). This blanket statement is not alleged in plaintiffs' defamation or negligence claims. Moreover, plaintiffs fail to make any allegation that defendant acted with malice or willful intent to injure plaintiffs *before* defendant became aware of the discrepancy. There simply exists no allegation referencing any malicious or willful conduct on the part of defendant before defendant received notice of the inaccurate information.

On a 12(b)(6) motion, a court judges the sufficiency of the complaint, accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff. The court construes the allegations in the light most favorable to the plaintiff. These deferential rules, however, do not allow the court to assume that a plaintiff can prove facts that it has not alleged nor that the defendants have violated the laws in ways that have not been alleged. *Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). If the facts narrated by the plaintiff "do not at least outline or adumbrate" a viable claim, the complaint cannot pass Rule 12(b)(6) muster. *Mounkes v. Conklin*, 922 F. Supp. 1501, 1506 (D. Kan. 1996). In this case, plaintiffs have not sufficiently pled a claim for defamation or negligence as required by the FCRA, specifically § 1681h(e). The court hereby dismisses Counts II and III of plaintiffs' First Amended Complaint.

**B.     Fair Debt Collections Practices Claim**

In Count IV of their Amended Complaint, plaintiffs allege violations of the FDCPA, specifically 15 U.S.C. §§ 1692c, 1692e, 1692f, 1692g, or 1692h in that "Defendant or its agents or assigns attempted to collect from Plaintiffs Steven Millett and Melody Millett the debts of an individual using the names Abundio P. Cuatle, Abundio Cuatler or Abundio Perez or other similar

-8-

aliases . . . ." (Amended Complaint, ¶ 96). The FDCPA only applies if defendant is a "debt collector." 15 U.S.C. §§ 1692c, 1692e, 1692f, 1692g, 1692h. Paragraph 94 of the Amended Complaint alleges that "Defendant is a creditor and debt collector as defined by 15 U.S.C. § 1692a." (Amended Complaint, ¶ 94).

As defined under the FDCPA:

> The term "debt collector" means any person . . in any business the ***principal purpose of which is the collection of any debts,*** or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . [T]he term ***includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.*** . . . The term ***does not include – (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor.***

15 U.S.C. § 1692a(6) (emphasis added). Furthermore, "[t]he legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (citing S. Rep. No. 95-382, 95th Cong., 1st Sess. 3, reprinted in 1977 U.S. Code Cong. & Ad. News 1695, 1698)); *see also Zsamba v. Cmty. Bank*, 63 F. Supp. 2d 1294, 1300 (D. Kan. 1999) (holding that a debt collector for purposes of the FDCPA does not include the consumer's creditors). In other words, Congress intended to target third-party or independent collectors of delinquent debts because unlike creditors, whose actions are often restrained by their desire to protect their good will, independent collectors will generally have no future contact with the consumer and are therefore likely to place less importance on the consumer's opinion of their debt collection tactics. *See Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1485-86 (M.D. Ala. 1987).

In this case, plaintiffs allege: "Plaintiffs have been contacted by individuals attempting to collect the debts of others. The individuals attempting to collect the debts of Abundio Cuautle Perez contacted Plaintiffs about Ford automobile loans and Plaintiffs had to seek clarification concerning the identity of the calling parties." (Amended Complaint, ¶ 64). Even construing all factual inferences in favor of plaintiff, the court concludes this allegation fails to meet the requirements of a "debt collector."

Nowhere in the Amended Petition do plaintiffs ever allege it was defendant making the collection effort. Moreover, even if it was defendant, nowhere in this allegation do plaintiffs allege that defendant used the name of a third party. The mere allegation that the plaintiffs had to seek clarification of the identity of the calling party cannot be construed as an attempt by defendant to collect its debts under the name of a third party. Without such allegations, plaintiff's Amended Complaint fails to allege the facts necessary to survive this claim. Count IV is dismissed.

### C. Injunctive Relief Claim

Count V of plaintiffs' Amended Complaint seeks injunctive relief alleging that "[t]he actions of Defendant constitute irreparable, ongoing and immediate harm to Plaintiffs Steven Millett and Melody Millett" and "[c]orrections to Plaintiffs' personal information and to the suppressed, alternate, lined, split and duplicate credit files are immediately necessary to prevent further and ongoing irreparable harm." (Amended Complaint, ¶¶ 100, 101). Plaintiffs' Amended Complaint then sets forth the specific injunctive relief requested. Defendant argues that such allegations do not state a claim for injunctive relief.


To obtain injunctive relief, a plaintiff must show that: (1) plaintiff faces a reasonable probability of irreparable future injury; (2) the remedy at law would not provide adequate relief; (3) the threatened injury to plaintiff outweighs the damage that the proposed remedy would cause defendant; and (4) the injunction would not be adverse to the public interest. *Tyler v. The Kan. Lottery*, 14 F. Supp. 2d 1220, 1223 (D. Kan. 1998). Viewing all factual allegations in the light most favorable to plaintiffs, the court concludes that, at this juncture, plaintiffs have sufficiently stated a claim for injunctive relief. The court denies defendant's request to dismiss Count V.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 21) is granted in part and denied in part. The court hereby dismisses Counts II, III, and IV of plaintiffs' Amended Complaint. Defendant's Motion to Dismiss (Doc. 3) is denied as moot.[1]

Dated this   20   day of April 2005, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**

---

[1] Defendant filed this motion before plaintiffs filed their Amended Complaint. Subsequent to plaintiffs' filing of the Amended Complaint, the parties re-briefed defendant's Motion to Dismiss (Doc. 21).