## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STEVEN G. MILLETT and )
MELODY J. MILLETT, )
        )
      Plaintiffs, )          CIVIL ACTION
        )
      v. )      Action No.: 04-2450-CM-DJW
        )
FORD MOTOR CREDIT COMPANY, )
        )
      Defendant. )

### PARTIES' JOINT AGREED PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and for good cause shown, the parties hereby stipulate to the entry of the following protective order in order to preserve and maintain the confidentiality of personal, private, confidential, and proprietary information which may be disclosed or obtained by Steven G. Millett and Melody J. Millett (the "Milletts") and Ford Motor Credit Company ("Ford Credit") (collectively "the Parties" herein) through testimony and/or the production of certain records by and between the Parties and other third parties during the course of discovery. The Parties agree that good cause exists for this Agreed Protective Order in order to preserve the legitimate proprietary and privacy interests of sources of information that have not been released to the public and which the Parties may mutually seek for production through their respective discovery requests. The Court specifically finds that good cause exists for this Agreed Protective Order ("Order").

1.       This Order shall govern the disclosure and use of Confidential Information produced in connection with this litigation. All information which is or has been produced or discovered in this litigation, regardless of whether designated confidential, shall be used solely for the prosecution or defense of this litigation unless the information is available to the general public without a breach of the terms of this Order. Documents containing the following information shall be designated as "Confidential": 1) personal identifying information, credit information, employment information, and financial information of plaintiffs; 2) the personal, private and/or confidential information relating to employees, officers, directors, managers or agents of the Parties; 3) personal identifying information,

credit information and financial information of non-parties; 4) legitimate confidential and proprietary business information of Ford Credit, including its procedures, products, design, methods, application, know-how, research, development and processes, sources of information and materials, lists of present, past and prospective customers, credit and financial data concerning customers, procedures and techniques, computer programs, data bases, intellectual property, or such other information or documents not known to the general public the disclosure of which could cause serious injury or damage to Ford Credit.  The measures designated by the Parties in this Order are reasonable and will not prejudice anyone or unduly burden the court.

2.      This Order is necessary to preserve the legitimate proprietary and privacy interests of sources of information and establishes a procedure for disclosing Confidential Information to the Parties in this litigation, imposes obligations on persons receiving Confidential Information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations.

3.      In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, that contains information specified and set forth in paragraph 1 above as "confidential" under the terms of this Order. Confidential information is as defined under Rule 26(c)(7), Fed. R. Civ. P., and case law interpreting the same.

4.      Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

5.      Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding, or by designating such testimony as confidential upon receipt of the transcript.  In order to facilitate or permit time for such designation, in the absence of other agreement, all deposition testimony shall be treated as confidential for thirty days from the date of mailing of the transcript by the court reporter. Arrangements shall be made with the court reporter taking and transcribing such proceeding to

separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

6.      Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purposes of the prosecution, defense, or settlement of this action, and for no other purposes.

7.      Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to Court personnel, to members of any jury empanelled in this case, to counsel for a party (including law clerks, paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a)      a named party;

    (b)      experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (c)      court reporter(s) employed in this action;

    (d)      companies retained by either party to reproduce or image documents;

    (e)      a witness at any deposition or other proceeding in this action; and

    (f)      any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A. The parties will retain executed copies of Attachment A, and will provide them on request to opposing counsel at the termination of this litigation, or as ordered by the Court.

8.      Confidential Material which the designator reasonably and in good faith believes to constitute particularly sensitive proprietary business information and trade secrets, personal identifying information, or financial information may be further marked "CONFIDENTIAL— ATTORNEYS EYES ONLY."  Confidential Material designated as "CONFIDENTIAL— ATTORNEYS EYES ONLY" produced pursuant to this Order may be disclosed or made available only as provided in paragraph 7 above, except that those persons identified in paragraphs 7(a) and 7(d) shall not be

considered "qualified persons" for such material, except by written agreement of the parties.

9.      Confidential deposition testimony shall be taken only in the presence of persons designated in paragraph 7.

10.      Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

11.      If any party wishes to file Confidential material under seal, then the party seeking to have such information filed under seal must file a motion with the court and be granted leave by the Court to file the Confidential material under seal.  Nothing in this Protective Order is intended to support or undermine such application.

12.      In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using the Confidential Material shall take all reasonable steps to maintain its confidentiality during such use.

13.      Documents and deposition testimony shall be designated confidential at the time of production.  Within 20 days of any designation of confidential information, all objections to such designation must be submitted to opposing counsel.  The party seeking confidential protection then has 20 days from notice of objections to seek a protective order from the Court.  If no such motion is filed, the information shall be treated as no longer confidential.  This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  The party desiring to maintain confidentiality shall have the burden of establishing grounds for confidential treatment.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

14.      Absent further order of the Court with respect to treatment of confidential information at trial, this Protective Order shall not apply to any document or information once it is introduced at trial

and made a part of the trial record in this case.  Nothing contained herein shall prevent a party from

utilizing another party's confidential documents and information at the trial of this case.  If either party

wishes special treatment of confidential information at trial, the same shall be sought through separate

application to the Court, and nothing in this Protective Order is intended either to support or to

undermine such an application.

15.     This Order is entered solely for the purpose of facilitating the exchange of documents

and information between the parties to this action without involving the Court unnecessarily in the

process.  Nothing in this Order nor the production of any information or document under the terms of

this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an

admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such

document or information or altering any existing obligation of any party or the absence thereof.

16.     This Order shall survive the final termination of this action, to the extent that the

information contained in Confidential Material is not or does not become known to the public, and the

Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed

hereunder.

17.     Upon termination of this case, counsel for the parties shall assemble and return to each

other all documents, material and deposition transcripts designated as confidential and all copies of

same, or shall certify the destruction thereof.

IT IS THEREFORE ORDERED that the parties' Joint Motion for Entry of Agreed Protective

Order (doc. 27) is granted as set forth herein.

APPROVED AND SO ORDERED.

DATED in Kansas City, Kansas this 29th day of April, 2005.

s/ David J. Waxse
David J. Waxse
MAGISTRATE JUDGE, U.S. DISTRICT COURT

Submitted by:                                Respectfully submitted,


               /s/  Barry R. Grissom
Barry R. Grissom
Attorney at Law
7270 W. 98th Terrace
Bldg. 7, Suite 220
Overland Park, Kansas  66212
Telephone:  913-341-6616
Facsimile:  913-341-4780
E-Mail:  bgrissom@sprintmail.com



               /s/  B. Joyce Yeager
B. Joyce Yeager
YEAGER LAW FIRM, L.L.C.
7270 W. 98th Terrace
Bldg. 7, Suite 220
Overland Park, Kansas  66212
Telephone:  913-648-6673
Facsimile:  913-648-6921
E-Mail:  jyeager@joyceyeagerlaw.com

Attorneys for Plaintiffs



               /s/  Jeffrey A. Befort
Jeffrey A. Befort
STINSON MORRISON HECKER LLP
1201 Walnut
Kansas City, Missouri 64106-2150
Telephone:  816-842-8600
Facsimile:  816-691-3495
Email: jbefort@stinsonmoheck.com

Attorneys for Defendant
Ford Motor Credit Company

Distribution:

Barry R. Grissom, Esq.
7270 W. 98th Terrace
Bldg. 7, Suite 220
Overland Park, Kansas  66212

B. Joyce Yeager, Esq.
YEAGER LAW FIRM, L.L.C.
7270 W. 98th Terrace
Bldg. 7, Suite 220
Overland Park, Kansas  66212

Jeffrey A. Befort, Esq.
STINSON MORRISON BECKER LLP
1201 Walnut
Kansas City, Missouri 64106-2150
Telephone:  816-842-8600
Facsimile:  816-691-3495
Email: jbefort@stinsonmoheck.com

Attachment A

## **NONDISCLOSURE AGREEMENT**

I, _____, do solemnly swear that I am fully familiar with the terms of the Parties' Joint Agreed Protective Order entered in <u>Millett, et al. v. Ford Motor Credit Company</u>, in the United States District Court for the District of Kansas, Case No. 04-2450-KHV, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED:  _____

_____