# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|   |   |
|---|---|
| **STEVEN G. MILLETT and** ) | |
| **MELODY J. MILLETT,** ) | |
|  ) | |
| **Plaintiffs,** ) | |
|  ) | **CIVIL ACTION** |
| v. ) | |
|  ) | **No. 04-2450-CM** |
|  ) | |
| **FORD MOTOR CREDIT COMPANY,** ) | |
|  ) | |
| **Defendant.** ) | |
|  ) | |

## MEMORANDUM AND ORDER

Plaintiffs bring the instant action, alleging that defendant furnished or utilized false and misleading information arising from plaintiffs' alleged identity fraud. Plaintiffs asserted the following causes of action: Count I – violation of the Fair Credit Reporting Act ("FCRA"); Count II – state law defamation; Count III – state law negligence; Count IV – violations of the Fair Debt Collection Practices Act ("FDCPA"); and Count V – injunctive relief. On April 20, 2005, the court dismissed Counts II - V of Plaintiffs' First Amended Complaint (Doc. 29). This matter is before the court on plaintiffs' Motion to Reconsider the Court's Order Dismissing Count III of Plaintiffs' First Amended Complaint (Doc. 31).

Plaintiffs' motion was filed within 10 days of the judgment and, as such, the motion is properly construed as a motion to alter or amend pursuant to Fed. R. Civ. P. 59(e). *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Grounds warranting such a motion include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable,

and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).  Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.*

In this instance, plaintiffs have failed to show any basis for reconsideration of the court's Order.  Plaintiffs do not contend that there has been any intervening change in controlling law or new evidence, or that the court misapprehended the parties' positions, the facts, or applicable law.  Instead, plaintiffs contend that "[t]his Court determined that Plaintiffs had not alleged malicious or willful conduct by Ford prior to the date Ford received notice of the inaccurate information. Plaintiff did, however, allege that Ford acted *intentionally* before Ford received notice of the inaccurate information."  (Plaintiff's Motion for Reconsideration, pg. 4).

The court reminds plaintiffs that allegations of intentional conduct are not the standard for pleading a negligence claim outside of the FCRA.  Rather, plaintiffs are required to plead *malicious or willful conduct* in furnishing the inaccurate information prior to the notice date.  Upon further consideration, the court concludes that there exists no allegation referencing any malicious or willful conduct on the part of defendant before defendant received notice of the inaccurate information.  Thus, plaintiffs' motion merely rehashes arguments already presented or that could have been presented to the court in the original briefing.

-3-

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Reconsider the Court's Order Dismissing Count III of Plaintiffs' First Amended Complaint (Doc. 31) is denied.

Dated this __9__ day of June 2005, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
