# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| STEVEN G. MILLETT and ) | |
| MELODY J. MILLETT, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 04-2450-CM |
| ) | |
| FORD MOTOR CREDIT COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiffs Steven G. and Melody J. Millett bring this action alleging that defendant Ford Motor Credit Company violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2, when it failed to accurately compile or report disputed credit information. Defendant filed a motion for summary judgment, to which it attached exhibits containing information that plaintiffs claim was the subject of a protective order. The exhibits in question have since been removed from public access and filed under seal, but pending before the court is a motion for sanctions filed by plaintiffs (Doc. 61). Plaintiffs ask the court to sanction defendant for violating the protective order by (1) denying defendant's motion for summary judgment, and (2) awarding plaintiffs a cash payment and attorney fees for the costs of drafting the motion for sanctions. Plaintiffs cite Fed. R. Civ. P. 11 and Local Rule 11.1 in support of their motion. For the following reasons, the court finds that sanctions are not appropriate in this instance.

Defendant filed its motion for summary judgment with the allegedly confidential exhibits on Friday, November 11, 2005 at 2:33 pm. On Saturday, November 12, 2005 at 10:40 am, plaintiffs' counsel left a

message for defense counsel that there was an emergency. Defense counsel returned the message at 10:45 am. After not hearing back from plaintiffs' counsel by 3:45 pm, defense counsel called again and left a second message. Plaintiffs filed the motion for sanctions at 5:22 pm on November 12. In the motion, plaintiffs stated: "Due to the urgent nature of this request to have the pleading in question removed from public view, the undersigned did not personally confer with [defense counsel]. Counsel did, however, provide [defense counsel] with a letter via electronic mail prior to filing this motion for sanctions and did place one telephone call."

On Monday morning, November 14, plaintiffs' counsel e-mailed defense counsel at 9:14 am and stated that "[t]he exhibits to the Memorandum in Support filed by Ford is [sic] being taken offline by the court now. . . ." That same morning, defense counsel e-mailed plaintiffs' counsel twice and the court once about blocking access to the exhibits in question. At 2:45 pm, defendant filed a motion to withdraw the exhibits and file them under seal. The court granted the motion at 4:24 pm the same day. Plaintiffs' counsel returned defense counsel's phone calls on Tuesday, November 15, 2005 at 4:45 pm.

The court need not decide whether defendant violated the protective order in filing the exhibits. Regardless of whether defendant's actions were proper, plaintiffs have wholly failed to comply with the procedures for requesting Rule 11 sanctions. And neither are sanctions pursuant to Local Rule 11.1 appropriate. Even assuming that defendant erred in filing the exhibits, an award of sanctions under Local Rule 11.1 is discretionary with the court. *Myers v. Colgate-Palmolive Co.*, 102 F. Supp. 2d 1208, 1222 (D. Kan. 2000); D. Kan. R. 11.1(c). The court may award Rule 11.1 sanctions when a party violates a local rule or order of the court. D. Kan. R. 11.1(b). In determining whether to award sanctions, "the court may consider whether a party's failure was substantially justified or whether other circumstances make the

-2-

imposition of sanctions inappropriate." *Id.* 11.1(c).

Here, the court determines that the parties' actions surrounding the filing of the exhibits in question make the imposition of sanctions inappropriate. The court is convinced that, to the extent that defendant violated the protective order, the violation was not intentional. Defendant responded to plaintiffs' counsel quickly and took prompt action to remove the exhibits from public access. Plaintiffs' counsel, on the other hand, filed the motion without discussing the issue with defense counsel. Moreover, plaintiffs' counsel filed the motion on a Saturday – a weekend day, two days before the court would be available to take any action on the issue. The court finds that, under the circumstances, plaintiffs' counsel was unjustified in rushing to file the motion without first returning defense counsel's messages or seeking other resolution of the issue. And finally, the court notes that plaintiffs have presented no evidence that they have been prejudiced by having the exhibits available on the court's filing system over the weekend. They have no evidence that anyone other than plaintiffs themselves and their counsel accessed the documents or otherwise viewed the exhibits.

For these reasons, the court finds that sanctions are inappropriate. Because the court denies plaintiffs' request for sanctions, plaintiffs' corresponding request for attorney fees and costs for filing the motion is also denied.

**IT IS THEREFORE ORDERED** that plaintiffs' motion for sanctions (Doc. 61) is denied.

Dated this 20th day of April 2006, at Kansas City, Kansas.

                                           **s/ Carlos Murguia**
                                           **CARLOS MURGUIA**
                                           **United States District Judge**